UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10618 CAS (MANx) | | Date | March 13, 2012 |
|---|---|---|---|---|
| Title | CALIFORNIA ASSOCIATION FOR HEALTH SERVICES AT HOME v. KATHLEEN SEBELIUS | | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | NOT PRESENT | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers:) Defendant's *Ex Parte* Application For Stay of Proceedings (filed 03/02/12)

**I.      INTRODUCTION**

On December 22, 2012, plaintiff California Association for Health Services at Home ("CAHSAH") filed the instant action against defendant Kathleen Sebelius, Secretary of the U.S. Department of Health and Human Services (the "Secretary"). The Secretary is responsible for administering the Medicaid program at the federal level. Through her designated agent, the Centers for Medicare and Medicaid Services ("CMS"), the Secretary is responsible for reviewing and approving policy changes that states make to their Medicaid programs.[1] CAHSAH is a California association that represents providers of health and supportive services and products to Medi-Cal beneficiaries in the home. The gravamen of plaintiff's complaint is that the Secretary violated the Administrative Procedure Act, 5 U.S.C. § 701 et seq., when she approved California's State Plan Amendment ("SPA") 08-009B1, which provided for a reduction in reimbursement rates for providers home health services. Compl. ¶ 41.

On March, 2, 2012, the Secretary filed the instant *ex parte* application to stay the proceedings pending the outcome of appeals to the Ninth Circuit in the related matters of Cal. Hosp. Ass'n v. Douglas ("CHA"), CV. No. 12-5531; Managed Pharmacy Care v. Sebelius ("MPC"), Nos. 12-55067 & 12-55332; Cal. Med. Transp. Ass'n v. Douglas ("CMTA"), No. 12-55334; and Cal. Med. Ass'n v. Douglas ("CMA"), No. 12-55335.

---

[1] California's Medicaid program is known as Medi-Cal, and is administered by the Department of Health Care Services ("DHCS").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10618 CAS (MANx) | Date | March 13, 2012 |
|---|---|---|---|
| Title | CALIFORNIA ASSOCIATION FOR HEALTH SERVICES AT HOME v. KATHLEEN SEBELIUS | | |

Plaintiffs' opposed the application on March 5, 2012. After considering the parties' arguments, the Court finds and concludes as follows.

## II. Background

In early 2008, the California Legislature enacted Assembly Bill X4 5 ("AB 5"), which reduced reimbursement rates for many classes of services provided under the Medi-Cal program. Most significantly for the purposes of the instant action, AB 5 enacted California Welfare and Institutions Code § 14105.19, which reduced fee-for-service payments for home health services by 10 percent for services provided on or after July 1, 2008.

Several provider associations including CAHSAH challenged the rate reduction, arguing that it violated, Title XIX of the Social Security Act, 42 U.S.C. § 1396 et seq., the statute establishing the Medicaid program. In particular, the associations maintained that the rate reduction violated 42 U.S.C. § 1396a(a)(30)(A) ("Section 30A"), which requires each state's Medicaid plan to:

> provide such methods and procedures relating to the utilization and procedures relating to the utilization of and the payment for, care and services available under the plan . . . as may be necessary . . . to assure that payments are consistent with efficiency, economy, and quality of care and are sufficient to enlist enough providers so that care and services are available under the plan at least to the extent that such care and services are available to the general public in the geographic area.

On November 17, 2008, this Court preliminarily enjoined DHCS from applying the rate reduction to home health providers. However, due to restrictions imposed by the Eleventh Amendment, this Court did not have authority to award relief for the period between July 1, 2008, the date the rate reduction went into effect, and November 17, 2008. Accordingly, CAHSAH filed a state court action requesting the issuance of a writ of mandamus requiring DHCS to reimburse plaintiff's provider members any money improperly withheld. That action is currently pending in the Sacramento County Superior Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10618 CAS (MANx) | Date | March 13, 2012 |
|---|---|---|---|
| Title | CALIFORNIA ASSOCIATION FOR HEALTH SERVICES AT HOME v. KATHLEEN SEBELIUS | | |

     On March 1, 2009, DHCS imposed an additional 1% rate reduction to reimbursements for home health providers. This reduction was not enjoined, and remains in effect.

     Under the Medicaid Act, changes in a Medicaid state plan must be submitted to, and approved by, CMS. DHCS submitted the rate cuts at issue in this case to CMS for approval on or about September 30, 2008, as part of SPA 08-009B1. CMS initially disapproved of SPA 08-009B1, but on October 27, 2011, CMS granted its approval. This action followed.

### III.   LEGAL STANDARD

     A district court has discretionary power to stay proceedings in its own court. See Landis v. North American Co., 299 U.S. 248, 254 (1936). Accordingly, the court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Leyva v. Certified Grocers of Cal. Ltd., 593 F.2d 857, 863 (9th Cir. 1979). However, case management concerns alone are not necessarily a sufficient ground to stay proceedings. See Dependable Highway Express v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007). "'[I]f there is even a fair possibility that the stay . . . will work damage to someone else, 'the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.'" Id. (quoting Landis, 299 U.S. at 255). Further, "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of Landis." Lockyer v. Mirant Corp., 398 F.3d 1098, 1112 (9th Cir. 2005).

### IV.   DISCUSSION

     The Secretary argues that a stay of this case would promote judicial economy because the resolution of several cases pending before the Ninth Circuit will substantially affect the result here. Mot. at 4.

     In opposition, plaintiffs argue that a stay of the proceedings would unnecessarily delay the progress of this lawsuit and of the related state court action seeking to recover damages from the State. Opp'n at 1. According to plaintiffs, DHCS will likely argue in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10618 CAS (MANx) | Date | March 13, 2012 |
|---|---|---|---|
| Title | CALIFORNIA ASSOCIATION FOR HEALTH SERVICES AT HOME v. KATHLEEN SEBELIUS | | |

the state court action that CMS' approval means that the rate reductions complied with federal law.  Therefore, plaintiffs contend that this Court's ruling concerning plaintiffs' claim for violation of the Administrative Procedure Act is necessary for the state court actions to proceed.  Id.  Further, plaintiffs maintain that the issuance of a stay at this time would not aid judicial economy because: (1) this case is in its preliminary stages; (2) the issues before the Ninth Circuit will not be dispositive in this case; (3) the Ninth Circuit's ruling will likely be appealed by the losing party; and (4) there is no reason to believe that the Ninth Circuit will overrule this Court's orders in the pending appeals.  Id. at 2–3.

The Court agrees with the Secretary that a short stay of the proceedings in this case pending the outcome of the related appeals before the Ninth Circuit will promote judicial economy and cause only minimal prejudice to plaintiffs.  The issues in this case—including whether the Secretary's interpretation of Section 30(A) as articulated through the approval of a state plan amendment is entitled to deference—are substantially similar to those before the Ninth Circuit in CHA, MPC, CMTA, and CMA.  Although the Ninth Circuit's decisions may not be dispositive, they are likely to narrow the issues in this case.  Further, the Court does not believe that a stay would significantly prejudice plaintiffs for two reasons.  First, because the cases before the Ninth Circuit are appeals of preliminary injunctions, consideration is expedited.  See Ninth Cir. R. 3-3.  Second, and more fundamentally, as plaintiff acknowledges, the Medi-Cal reimbursement reductions at issue in this case have either already been enjoined (as to the 10% reduction) or have been in effect for more than three years (as to the 1% cut).  Compl. ¶¶ 28, 30.  Therefore, a short stay should not cause plaintiff substantial prejudice.

**V.     CONCLUSION**

In accordance with the foregoing, the Court hereby GRANTS the Secretary's *ex parte* application for a stay of proceedings pending the Ninth Circuit's decisions in CHA, MPC, CMTA, and CMA.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |